244 Ga. 237 (1978)
259 S.E.2d 427
FULTON COUNTY DEPARTMENT OF FAMILY & CHILDREN SERVICES et al.
v.
PERKINS et al. IN THE INTEREST OF B. A., a Child.
34028, 34198.
Supreme Court of Georgia.
Argued November 14, 1978.
Decided December 5, 1978.
Rehearing Denied December 19, 1978.
Arthur K. Bolton, Attorney General, R. Douglas Lackey, Assistant Attorney General, for appellants.
Arlene Kerman, Mary Ann Oakley, Margie Pitts Hames, for appellees (Case No. 34028).
Margie Pitts Hames, Arlene Kerman, for appellee (Case No. 34198).
HILL, Justice.
The ultimate issue to be decided in this case is whether foster care parents may contest in court the decision of the Fulton County Department of Family & Children Services (FCDFCS) that a child be adopted by a couple other than the foster parents. However, neither the Fulton Superior Court nor the juvenile court has yet made that decision.
In 1974 this four-year-old child was placed by FCDFCS with the Perkinses for foster care after FCDFCS received temporary custody by an order of the juvenile court which found that the child and his sister were deprived. In October, 1977, the juvenile court terminated parental rights, and placed legal custody in FCDFCS. The child then became eligible for adoption with the consent of FCDFCS. Code Ann. § 74-403 (a). That order of the juvenile court specifically retained jurisdiction pending adoption.[1]
The Perkinses were denied approval by FCDFCS to adopt the foster child then in their care and in February, 1978, the Perkinses were notified of the reasons for that decision.[2] The Perkinses were informed that adoption by another couple had been approved and in March, 1978, the child was removed from the Perkins' home and placed with the approved adoptive couple.
*238 The Perkinses filed a complaint in Fulton Superior Court which, as amended, asked: (1) that the court authorize the Perkinses to adopt the child; (2) that damages be awarded to the child based on injury arising from the child's removal from the Perkins' home; and (3) that a writ of habeas corpus issue to remove the child from the approved adoptive home so that he could be returned to the Perkins' home. FCDFCS moved to dismiss the action on the grounds that neither the Perkinses nor the child had a legal interest which the superior court could enforce and further that the superior court lacked jurisdiction.
The superior court dismissed all counts of the complaint with the exception of the application for writ of habeas corpus, which the court transferred to the juvenile court noting that the juvenile court had specifically retained jurisdiction in its October, 1977, order.
After hearing argument the juvenile court amended its 1977 order so as to vacate the retention of jurisdiction (see fn. 1) and transferred the case back to superior court. Code Ann. § 24A-302(b). FCDFCS has now appealed from both the superior court order transferring the case to the juvenile court and the juvenile court order transferring the case back to the superior court. As heretofore noted, the ultimate legal issue has not been decided.
The initial question for this court is whether the orders appealed from are final orders within the meaning of Code Ann. §§ 24A-3801 and 6-701. The FCDFCS contends that the transfer orders are "final" and thus appealable because once a transfer order is entered, then the case is no longer pending in that court; i.e., nothing remains to be done in the court entering the order which is appealed. J. T. M. v. State of Ga., 142 Ga. App. 635 (236 SE2d 764) (1977). The Perkinses argue that the appeal should be dismissed because the habeas petition has not been decided on its merits and hence it is still pending below. See Code Ann. §§ 24A-302(b), 6-701.
In order for this court to review the decision of another court, that court must have made a decision and that decision must be appealable under some provision of law, such as Code §§ 6-701, 24A-3801. FCDFCS's main complaint is that the courts below did not decide that foster parents may not contest in court the decision of *239 FCDFCS that a child be adopted by another couple. See Drummond v. Fulton County Dept. of Family &c. Services. 237 Ga. 449 (228 SE2d 839) (1976). However, there was no certificate of immediate review granted in this case by either court.
Although an argument can be advanced that a transfer order made pursuant to Code Ann. § 24A-302(b) is appealable, here there has been no decision (other than the transfers themselves which are clearly provided for by § 24A-302) adverse to appellant for this court to review.
J. T. M. v. State of Ga., 142 Ga. 635, supra, relied upon by FCDFCS, deals with the appealability of a transfer order in a criminal context which determines whether the defendant will be treated as a juvenile and tried for delinquency under the applicable juvenile provisions, or whether he will be treated as an adult and prosecuted under the criminal laws of this state. See Code Ann. §§ 24A-301; 24A-2501(a); Carrindine v. Ricketts, 236 Ga. 283, 284-285 (223 SE2d 627) (1976); J. W. A. v. State of Ga., 233 Ga. 683 (212 SE2d 849) (1975); Brown v. State, 235 Ga. 353 (2) (219 SE2d 419) (1975). Code Ann. § 24A-2501 spells out the issues to be considered and decided in order to transfer the juvenile for trial as an adult. Once a criminal transfer order has been entered, reviewable determinations have been made. Such a transfer decision is determinative as to the "juvenile" aspect of the case and thus may be final and reviewable.
Code Ann. § 24A-302 (b) provides: "Courts of record in handling divorce, alimony, or habeas corpus cases involving the custody of a child or children, may transfer the question of the determination of custody and support to the juvenile court for investigation and report back to the superior court or for investigation and determination. If the referral is for investigation and determination, then the juvenile court then shall proceed to handle the matter in the same manner as though the action originated under this Code, in compliance with the order of the superior court. At any time prior to the determination of such question, the juvenile court may transfer the jurisdiction of such question back to the referring superior court."
Thus, a transfer order under Code Ann. § 24A-302(b) in divorce, alimony or habeas corpus cases changes the *240 forum but does not change the nature of the proceeding, to wit: the determination of child custody. The proceeding clearly remains a child custody matter no matter which court has it. See In re J. R. T., 233 Ga. 204 (210 SE2d 684) (1974). A transfer of a child custody case is a continuation of that proceeding whereas a transfer of a juvenile for trial of a crime as an adult is not a continuation of the same proceeding. Thus, a transfer order in a habeas corpus-child custody proceeding is not appealable under the rationale of J. T. M. v. State of Ga., supra.
We find that a transfer order in a child custody matter entered pursuant to Code Ann. § 24A-302 (b) by a superior or juvenile court is not final and hence is not appealable without a certificate of immediate review.
Appeals dismissed; case remanded to the juvenile court for transfer to the superior court pursuant to the order of July 21, 1978. All the Justices concur.
NOTES
[1] The order provided that ". . . should adoption not be perfected within two (2) years from the date of this order . . . the children shall be returned to the court for entry of further orders for their care, custody, and control."
[2] The letter indicated that the Department had considered Mr. and Mrs. Perkins as adoptive parents for Billy, but had rejected them for several reasons, among others, Mr. Perkins' age (80) and the fact that the Department wanted to place Billy and his sister, who was also in its custody, in the same home.