Pope, Judge,
dissenting.
I fully agree with the majority’s conclusion that the evidence of record is entirely too superficial to constitute “reasonable grounds” that appellant is not committable to an institution for the mentally retarded or mentally ill and, thus, that the juvenile court abused its discretion in transferring this case to the superior court for disposition. However, I respectfully disagree with the majority’s disposition of the case in light of that holding.
The burden of meeting the stated requirements of OCGA § 15-11-39 is upon the State. C. L. A. v. State of Ga., 137 Ga. App. 511 (3) (224 SE2d 491) (1976). “[T]he decision by a juvenile court to surrender its jurisdiction [is] a critical determination affecting the tenor of the juvenile’s subsequent treatment in the courts and therefore ‘must measure up to the essentials of due process and fair treatment.’ ” Id. at 511 (1). The decision in a transfer proceeding such as the case at bar is final and reviewable by direct appeal. See Fulton County D. F. C. S. v. Perkins, 244 Ga. 237, 239 (259 SE2d 427) (1979). In light of these circumstances, I do not believe, in the absence of any authority to the contrary, that the State is entitled to a second opportunity to *773 prove its case. I would reverse the decision of the juvenile court, leaving the case pending in that court for final disposition on the merits.
I am authorized to state that Judge Benham joins in this dissent.