**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 2, 2016**

# In the Court of Appeals of Georgia

A15A2247. IN THE INTEREST OF W. L., a child.

RAY, Judge.

On March 25, 2015, the Juvenile Court of Monroe County entered orders adjudicating W. L., a minor, delinquent of various offenses, ordering him to pay restitution, and transferring the case to the Juvenile Court of Peach County for final disposition. W. L. filed a direct appeal from the restitution order. Because we find that the order appealed was interlocutory, it is not appealable without compliance with the interlocutory appeal procedure of OCGA § 5-6-34 (b). Accordingly, we dismiss this appeal as premature because the case remains pending in the juvenile court.

On March 25, 2015, W. L. rendered an admission in open court and was adjudicated delinquent by the Juvenile Court of Monroe County for the offenses of theft by receiving stolen property, fleeing and attempting to elude officers, and reckless driving after he took a bus from a church and damaged it while attempting to run away from his assigned group home. In its order, the Juvenile Court of Monroe County acknowledged that W. L. was a resident of Peach County and transferred the case to the Juvenile Court of Peach County for a final adjudication. On the same day, the Juvenile Court of Monroe County entered an order finding that W. L. had caused property damage and ordered that he pay $5,508.38 in restitution. W. L. argues on appeal that the juvenile court erred in awarding restitution without first considering evidence that he had no financial ability to pay the amount of restitution and no prospect of being able to pay in the foreseeable future.

The State contends that this Court is without jurisdiction to consider W. L.'s direct appeal because it arises, in part, from an order transferring the case to the Juvenile Court of Peach County and, therefore, was not a final order. We agree.

Under Georgia law, an interlocutory transfer order may be converted into a final appealable order only is if it falls under OCGA § 5-6-34 (a) (1), which provides that

2

[a]ppeals may be taken to the Supreme Court and the Court of Appeals from the following judgments and rulings. . . : All final judgments, that is to say, *where the case is no longer pending in the court below*, except as provided in Code Section 5-6-35[.][1]

(Emphasis supplied.) "The 'in the court below' language in OCGA § 5-6-34 (a) (1) is generally used to refer to a trial court as distinguished from an appellate court." *Lops v. Lops*, 140 F.3d 927, 939 (V) (C) (11th Cir., 1998). Further, Georgia courts have repeatedly held that transfer orders are not appealable orders under OCGA § 5-6-34 (a) (1) because a case transferred from one trial court to another trial court is still "pending in the court below." See, e. g., *Wright v. Millines*, 212 Ga. App. 453, 453 (442 SE2d 304) (1994) (dismissing a direct appeal from the superior court's order transferring the case to the superior court of a different county, concluding that the appeals were "premature as there is no final judgment and the case remains pending in the trial court"); *Griffith v. Ga. Bd. of Dentistry*, 175 Ga. App. 533, 533 (333 SE2d 647) (1985) (dismissing a direct appeal from an order transferring the case from one jurisdiction to another, concluding that "[t]he subject transfer order is not a final

_____

[1] OCGA § 5-6-35 is not applicable in the present case.

3

judgment as the case is still pending in the court below, albeit a different court from the one ordering the transfer").

This general rule that transfer orders are not "final appealable orders" may also adhere when an order transfers a case to a *different type* of trial court below. In *Fulton County Dept. of Family & Children Svcs. v. Perkins*, 244 Ga. 237, 237-238 (259 SE2d 427) (1978), a child's former foster parents filed a complaint in the superior court seeking to adopt the child and seeking a writ of habeas corpus returning the child to their custody. The superior court dismissed all claims except the habeas petition and transferred the case to the juvenile court, which had earlier dealt with matters relating to custody of the child. The juvenile court then transferred the case back to the superior court. DFACS appealed, contending that both transfer orders were final. Id. at 238. Our Supreme Court disagreed and dismissed the appeal, finding that neither order was final because despite the transfer of forum, "[a] transfer of a child custody case is a continuation of that proceeding" and does not change the nature of the proceeding. Id. at 239. Our Supreme Court distinguished the facts of *Perkins* from a case wherein a criminal case is transferred from a juvenile court to a superior court because "a transfer of a juvenile [to a superior court] for trial of a crime as an adult is not a continuation of the same proceeding." Id. See e. g., *J. T. M. v. State*, 142 Ga.

4

App. 635, 635-636 (1) (236 SE2d 764) (1977) (order transferring juvenile criminal proceeding to superior court is final for purposes of filing a direct appeal).

In the present case, W. L. filed a direct appeal from an order transferring the case from the Juvenile Court of Monroe County to the Juvenile Court of Peach County. This transfer order is not final because it is the continuation of the same proceeding against W. L. Accordingly, we find that W. L.'s direct appeal is premature as there is no final judgment and the case remains pending in the juvenile court below. Therefore, the order from which W. L. seeks to appeal is interlocutory and not appealable without compliance with the interlocutory appeal procedure of OCGA § 5-6-34 (b). *Wright*, supra.

*Appeal dismissed. Barnes, P. J., and McMillian, J., concur*.