**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 23, 2016**

# In the Court of Appeals of Georgia

A16A0198. EIDSON v. CROUTCH et al.

MCMILLIAN, Judge.

Robert Eidson filed an application for discretionary appeal seeking review of the trial court's order granting attorney fees to Robyn Croutch under OCGA § 9-15-14 (a),[1] which this Court granted. For the reasons set forth below, we find that we do not have jurisdiction and dismiss the appeal as improvidently granted.

In November 2014, Robyn Croutch, individually and as next friend of her minor daughter, filed suit against Eidson in the State Court of Gwinnett County, asserting claims arising from a motor vehicle accident. In March 2015, after learning that Eidson did not reside in Gwinnett County as previously believed, Croutch

---

[1] See OCGA § 5-6-35 (a) (10) (requires the filing of an application for "[a]ppeals from awards of attorney's fees or expenses of litigation under [OCGA §] 9-15-14").

amended her complaint to reflect his actual residence and filed a motion to transfer venue to the State Court of DeKalb County, the location of the accident. Shortly thereafter, Eidson filed a motion to dismiss, alleging that Croutch failed to serve the complaint within the time allowed by OCGA § 9-11-4 (c). In addition to opposing the motion to dismiss, Croutch filed a motion for attorney fees. Following a hearing , the trial court entered an order awarding $5,405 in attorney fees to Croutch (the "Order") and, in a separate order entered the same day, granted Croutch's motion to transfer the case to DeKalb County.

Eidson timely filed an application for discretionary review of the Order. Croutch moved to dismiss the application, asserting that because the underlying action remains pending in DeKalb County, the Order is interlocutory and this Court therefore lacks jurisdiction to entertain Eidson's appeal where he did not comply with the requirements of OCGA § 5-6-34 (b). In response to the motion to dismiss, Eidson concedes that, although he followed the requirements of OCGA § 5-6-35 (a) (10) in seeking discretionary review of the Order, he did not comply with the additional requirements of OCGA § 5-6-34 (b).[2]

---

[2] OCGA § 5-6-34 (b) provides, in relevant part:

Where the trial judge in rendering an order, decision, or judgment, not

2

The Order is clearly interlocutory. It is undisputed that the negligence action remains pending below, and the Order does not otherwise fall under any of the twelve categories of judgments enumerated in OCGA § 5-6-34 (a) that are subject to a direct appeal. And it is well settled that where an appeal is both discretionary and interlocutory, the discretionary appeal statute does not excuse a party from complying with the additional interlocutory requirements of OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996) ("Thus, a party appealing an

---

otherwise subject to direct appeal . . . certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had, the Supreme Court or the Court of Appeals may thereupon, in their respective discretions, permit an appeal to be taken from the order, decision, or judgment if application is made thereto within ten days after such certificate is granted. The application shall be in the nature of a petition and shall set forth the need for such an appeal and the issue or issues involved therein. The applicant may, at his or her election, include copies of such parts of the record as he or she deems appropriate . . .

Eidson did not obtain a certificate of immediate review in the trial court, nor did he set forth in his application the need for interlocutory appellate review. See OCGA § 5-6-35 (b) ("The application shall specify the order or judgment being appealed and, if the order or judgment is interlocutory, the application shall set forth, in addition to the enumeration of errors to be urged, the need for interlocutory appellate review.").

3

interlocutory order must comply with the requirements of OCGA § 5-6-34 (b), irrespective of whether the appeal is brought pursuant to OCGA § 5-6-35."); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 454 (1) (699 SE2d 600) (2010) ("As an interlocutory discovery order, a direct appeal thereof . . . is unavailable. And since Expedia failed to comply with the interlocutory appeal procedures in OCGA § 5-6-34 (b), discretionary review . . . is likewise foreclosed.).

The failure to follow the interlocutory appeal requirements, when applicable, generally deprives this Court of jurisdiction. As we have explained, the "interlocutory appeal statute is not a run-of-the-mill procedural provision. It is a *jurisdictional* law by which the General Assembly has limited the authority of Georgia's appellate courts to hear certain cases." (Citation and punctuation omitted; emphasis in original). *Settendown Public Utility, LLC v. Waterscape Utility, LLC*, 324 Ga. App. 652, 653 (751 SE2d 463) (2013). Thus, "[w]hen the order appealed from is an interlocutory order, the appellate court does not acquire jurisdiction unless the procedure of OCGA § 5-6-34 (b) for interlocutory appeal is followed." (Citation and punctuation omitted.) Id.

But that does not end the inquiry in this case. In granting Eidson's application for discretionary review, this Court directed the parties to address whether this Court

*otherwise* has jurisdiction to review the case as a direct appeal because the transfer order acted as a final judgment making the attorney fees order appealable pursuant to OCGA § 5-6-34 (d).[3] After thorough consideration of the record and the relevant law, we find that we do not. Because the case remains pending below, although in a different court from the one that issued the transfer order, there was no final judgment as defined in OCGA § 5-6-34 (a) (1). See, e.g., *Griffith v. Ga. Bd. of Dentistry*, 175 Ga. App. 533, 533 (333 SE2d 647) (1985) ("The subject transfer order is not a final judgment as the case is still pending in the court below, albeit a different court from the one ordering the transfer. The order is thus interlocutory and not appealable without a certificate of immediate review from the lower court and an appropriate application to this court."); *Mauer v. Parker Fibernet, LLC*, 306 Ga. App. 160, 161

---

[3] OCGA § 5-6-34 (d) provides:

Where an appeal is taken under any provision of subsection (a), (b), or (c) of this Code section, all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere.

5

(701 SE2d 599) (2010) ("A trial court's ruling on the issue of removal or transfer of venue is not a directly appealable final judgment under OCGA § 5-6-34 (a) (1), and thus, it is subject to the procedures governing interlocutory appeals."). And because the nature of this case remained unchanged following the transfer for venue, it does not fall within the narrow exception carved out by our Supreme Court when a trial court transfers a criminal matter from juvenile to superior court. See, e.g., *Fulton County Dept. of Family & Children Services v. Perkins*, 244 Ga. 237, 239 (259 SE2d 427) (1978) (criminal transfer order may be final insofar as it "determines whether the defendant will be treated as a juvenile and tried for delinquency under the applicable juvenile provisions, or whether he will be treated as an adult and prosecuted under the criminal laws of this state."); *Rivers v. State*, 229 Ga. App. 12, 13 (493 SE2d 2) (1997). Cf. *In the Interest of W. L.*, 335 Ga. App. 561, 563 (782 SE2d 464) (2016) (order transferring case from one juvenile court to another juvenile court is an interlocutory order). Here, the transfer order is not final because it is simply a continuation of the same proceeding against Eidson, and thus the attorney fees order was not immediately appealable.

We further decline Eidson's request to extend the collateral order doctrine to include orders granting attorney fees pursuant to OCGA § 9-15-14. "The collateral

6

order doctrine permits appeals from a small category of decisions that are (i) conclusive, (ii) that resolve important questions separate from the merits, and (iii) that are effectively unreviewable on appeal from the final judgment in the underlying action." (Citation and punctuation omitted.) *Expedia*, 305 Ga. App. at 452 (1). Pretermitting whether the first and second criteria could be met, an order granting attorney fees does not meet the third criteria as it is subject to appellate review after entry of final judgment. See *Dept. of Transp. v. Hardaway Co.*, 216 Ga. App. 262, 262 (1) (454 SE2d 167) (1995) (assessment of attorney fees does not meet collateral order requirements), overruled on other grounds, *Johnson & Johnson v. Kaufman*, 226 Ga. App. 77 (485 SE2d 525) (1997); *Netsphere, Inc. v. Baron*, 799 F3d 327, 335 (II) (B) (5th Cir. 2015) (lower court's award of attorney fees not subject to collateral order doctrine because it is effectively reviewable after final judgment on the merits of the case is entered).

Although Eidson argues that an order granting attorney fees may involve a distinct and separate offshoot of the underlying pending action, that is not the test for determining whether this Court has jurisdiction. Where an attorney fees order is issued prior to final judgment, the proper method for immediately appealing such orders is sufficiently set forth via the interlocutory and discretionary application

7

statutes, which were not followed here.[4] See *Fein v. Chenault*, 330 Ga. App. 222, 230 (767 SE2d 766) (2014) ("It would seem to us to be a disservice to the Court, to litigants in general and to the idea of speedy justice if we were to succumb to enticing suggestions to abandon the deeply-held distaste for piecemeal litigation in every instance of temptation.") (quoting *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 440 (IV) (105 SCt 2757, 86 LE2d 340) (1985)). Accordingly, we find that the application for discretionary appeal was improvidently granted, and we dismiss the appeal.

*Appeal dismissed. Miller, P. J., and McFadden, J., concur.*

---

[4] However, we note that "when the judgment being appealed was interlocutory in nature, the denial of an application for discretionary appeal does not operate as res judicata." (Citation and punctuation omitted.) *Davis v. Foreman*, 311 Ga. App. 775, 778 (2) (717 SE2d 295) (2011).