# Court of Appeals
# of the State of Georgia

ATLANTA,  March 29, 2017

*The Court of Appeals hereby passes the following order:*

## A17A1182. WILLIAM G. HATCHER, JR. v. PAMELA HATCHER STUART.

William G. Hatcher, Jr. and Pamela Hatcher Stuart are brother and sister. Hatcher is the executor of their father's estate. Stuart filed a petition for accounting against Hatcher in both the Probate Court of Richmond County and the Superior Court of Columbia County. The parties agree that the two actions are identical, except that Stuart also sought an accounting of a trust in the Superior Court action. On January 30, 2017, the superior court issued an order dismissing the claim seeking an accounting of the trust and transferring the case to probate court:

> The court concludes that it should dismiss this action regarding an accounting of the Trust, and transfer [Stuart's] action for an accounting of [Hatcher's] actions as executor to the Probate Court of Richmond County. Uniform Transfer Rule T-4; Uniform Superior Court Rule 19.l (A). The Probate Court can then decide how to handle two essentially identical lawsuits and decide [Hatcher's] motion for a protective order.

The superior court also entered an order granting OCGA § 9-11-37 (d) attorney fees based on Hatcher's failure to respond to discovery and produce documents requested by Stuart. Hatcher filed this direct appeal of both orders, and Stuart has moved to dismiss the appeal. We lack jurisdiction.

It is well settled that a transfer order is not a final judgment because the case is still pending in the court below, albeit a different court from the one ordering the transfer. See, e.g., *Griffith v. Georgia Board of Dentistry*, 175 Ga. App. 533 (333 SE2d 647) (1985). "This general rule that transfer orders are not 'final appealable

orders' may also adhere when an order transfers a case to a different type of trial court below." See *In the Interest of W. L.*, 335 Ga. App. 561, 562 (782 SE2d 464) (2016). Here, the dismissal/transfer order is not final because the transfer is "the continuation of the same proceeding" against Hatcher. Id. In addition, the portion of the order dismissing the claim for an accounting of the trust also is not directly appealable because

> [i]n a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment. In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b).

*Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (citation and punctuation omitted). Hatcher, therefore, was required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b), which include obtaining a certificate of immediate review from the trial court, and his failure to do so deprives us of jurisdiction to hear this appeal.

Hatcher argues that even if the dismissal/transfer order is not directly appealable, the order granting OCGA § 9-11-37 (d) attorney fees is directly appealable as a final judgment. However, sanctions imposed based on a failure to comply with discovery generally are "not *final* in the sense of being dispositive of the case, as contemplated by O.C.G.A. § 5-6-34 (a) (1)." *Cornelius v. Finley*, 204 Ga. App. 299, 300 (418 SE2d 815) (1992); see also *Eidson v. Croutch*, 337 Ga. App. 542, 544 (788 SE2d 129) (2016) (because the transfer order was a continuation of the same proceeding and not final, the attorney fees order was not immediately appealable). Here, the order awarding sanctions is interlocutory since it does not dispose of the case, and an appeal of such an order requires compliance with the interlocutory appeal provisions of OCGA § 5-6-34 (b).

Because the orders sought to be appealed are not final judgments in the case and Hatcher did not follow the application procedure required to seek an interlocutory

appeal, Stuart's motion to dismiss the appeal is hereby GRANTED. The above-captioned direct appeal is unauthorized and is ordered DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,  03/29/2017*
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*