# Court of Appeals
# of the State of Georgia

ATLANTA,  May 16, 2017

*The Court of Appeals hereby passes the following order:*

## A17D0402.  KELLY J. CROISSANT v. MONA N. CROISSANT.

This discretionary application stems from an order entered in an ongoing divorce action, which order denied a motion to recuse, disqualified the lawyer who filed the recusal motion, and ordered that lawyer to pay certain legal expenses incurred by the other side.  For reasons explained below, this application is dismissed for lack of jurisdiction.

Mona N. Croissant filed a complaint for divorce against Kelly J. Croissant.  In February 2017, Attorney Catherine Sanderson filed an entry of appearance as co-counsel for Kelly J. Croissant and a motion to recuse the judge.  Counsel for Mona N. Croissant opposed the motion to recuse and filed a motion asking the court to disqualify Sanderson as co-counsel for Kelly J. Croissant and to award her attorney fees and litigation expenses incurred in connection with the pleadings filed by Sanderson.

The motions were assigned to another judge, and an evidentiary hearing was conducted.  Thereafter, on March 23, 2017, the court entered the order contested here, denying the motion to recuse and granting the motion to disqualify Sanderson.  Additionally, the court found that the motion to recuse lacked substantial justification, and ordered Sanderson to pay a specified amount as legal expenses incurred by the other side.

Sanderson filed this application for discretionary appeal.  The order Sanderson seeks to appeal, however, is interlocutory.  See OCGA § 5-6-34 (a) (1) (providing for a direct appeal from a "final judgment[ ], that is to say, where the case is no longer

pending in the court below"); *Cherry v. Coast House, Ltd.*, 257 Ga. 403, 404 (2) (359 SE2d 904) (1987) (an order disqualifying counsel is an interlocutory order); *Settendown Public Utility, LLC v. Waterscape Utility, LLC*, 324 Ga. App. 652 (751 SE2d 463) (2013). See also *Eidson v. Croutch*, 337 Ga. App. 542, 544 (788 SE2d 129) (2016) (because the transfer order was a continuation of the same proceeding and not final, the attorney fees order was not immediately appealable); *Ellis v. Stanford*, 256 Ga. App. 294, 295 (2) (568 SE2d 157) (2002) (an order denying a motion to recuse is an interlocutory order).

Therefore, in order to obtain appellate review, Sanderson was required to follow the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996) (where contested order is interlocutory, discretionary appeal statute does not excuse failure to comply with OCGA § 5-6-34 (b)); *Eidson*, supra at 545 ("Although . . . an order granting attorney fees may involve a distinct and separate offshoot of the underlying pending action, that is not the test for determining whether this Court has jurisdiction."). Sanderson's failure to do so deprives this Court of jurisdiction of this application, which is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office,

Atlanta,  05/16/2017

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.


, Clerk.