# Court of Appeals
# of the State of Georgia

ATLANTA,  July 12, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0501.  HUBERT WHITE v. DEPARTMENT OF CORRECTIONS.**

Inmate Hubert White seeks discretionary review of a Monroe County Superior Court order granting him pauper status to file his petition for mandamus against the Department of Corrections and directing the clerk of that court to file the petition and transfer the case to Fulton County.[1]  We, however, lack jurisdiction.

To the extent White seeks mandamus relief compelling service of process on the Department of Corrections, he must first present his request to the superior court. "Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983).  This is not one of the extremely rare instances in which this Court will exercise original mandamus jurisdiction. See *Gay v. Owens*, 292 Ga. 480, 483 (2) (738 SE2d 614) (2013).  Until such time as White has pursued relief in superior court and obtained a ruling thereon, there is no basis for this Court to exercise jurisdiction.

To the extent White seeks immediate clarification of the venue issue, his appeal is premature because the case remains pending in superior court.  See *In the Interest of W. L.*, 335 Ga. App. 561, 561-562 (782 SE2d 464) (2016).  Transfer orders generally are not appealable orders because a case transferred from one trial court to

---

[1] White filed his application in the Supreme Court, which transferred the case to this Court.

another trial court is still "pending in the court below." Id. Therefore, to the extent that White challenges the decision to transfer the case to Fulton County, he was required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b), which include obtaining a certificate of immediate review from the trial court. The failure to do so mandates the dismissal of this appeal.

For the foregoing reasons, this application for discretionary appeal is hereby dismissed.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  07/12/2017*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*