# Court of Appeals
# of the State of Georgia

ATLANTA,  July 24, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0529.  ERNESTINE STARLING v. RICHARD STARLING.**

The trial court entered a final judgment and decree of divorce that included an alimony award to Ernestine Starling, but expressly reserved the issue of attorney fees for a later determination.  Ernestine filed a motion for new trial seeking to set aside the alimony award, which the trial court denied in a summary order.  Ernestine then filed this application for discretionary review.  We lack jurisdiction.

An order is considered a final judgment within the meaning of OCGA § 5-6-34 (a) (1) where it leaves no issues to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court.  *CitiFinancial Svcs. v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011).  Where there is no final judgment and the case remains pending below, the order is interlocutory and not appealable without compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b), which include obtaining a certificate of immediate review from the trial court.  See OCGA § 5-6-34 (a) (1); *In the Interest of W. L.*, 335 Ga. App. 561, 563 (782 SE2d 464) (2016); *Mauer v. Parker Fibernet, LLC*, 306 Ga. App. 160, 161 (701 SE2d 599) (2010).  Further, while appeals from judgments in divorce cases generally must be sought by discretionary application, pursuant to OCGA § 5-6-35 (a) (2), "[t]he discretionary appeal statute does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b)."  *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).

Here, the final judgment and decree of divorce expressly reserved the issue of attorney fees, and the order denying the motion for new trial did not resolve that

issue. Thus, neither the judgment nor the order is a final judgment within the meaning of OCGA § 5-6-34 (a) (1), and compliance with the interlocutory appeal procedures was required. See *Miller v. Miller*, 288 Ga. 274, 282 (4) (705 SE2d 839) (2010) (in divorce action, there was no final judgment until the reserved issues of attorney fees and guardian ad litem fees were resolved); see also *Sotter v. Stephens*, 291 Ga. 79, 82-84 (727 SE2d 484) (2012) (because the order reserved the amount of attorney fees to be assessed under OCGA § 13-6-11, it was not a final judgment); *Stump v. Young*, 307 Ga. App. 583, 584 (705 SE2d 684) (2011) (because the judgment made clear that the issues of attorney fees, costs, and interest remained to be resolved, it was not final). Further, while a reservation of OCGA § 9-15-14 attorney fees may not render an order interlocutory, see *Sotter*, supra at 83; *Hill v. Buttram*, 255 Ga. App. 123 (564 SE2d 531) (2002), it does not appear that the fees were sought pursuant to OCGA § 9-15-14 here, and the burden is upon the party seeking review to establish that jurisdiction is proper in this Court. See *Harper v. Harper*, 259 Ga. 246, 246 (378 SE2d 673) (1989).

The ex-wife's failure to follow the interlocutory appeal procedures deprives us of jurisdiction over this application, which is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  07/24/2017
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*