# Court of Appeals
# of the State of Georgia

ATLANTA,  October 03, 2017

*The Court of Appeals hereby passes the following order:*

## A18A0290.  TIM SUNDY et al. v. FRIENDSHIP PAVILION ACQUISITION COMPANY, LLC et al.

Tim Sundy and David Sundy filed this direct appeal from the superior court's "Order on Joint Objection to Jurisdiction" in this dispossessory case.  In the order, the superior court rejected the Sundys' arguments that the court had lost subject matter jurisdiction over the case.  No final judgment has been entered and the case remains pending in the superior court.  See OCGA § 5-6-34 (a) (1) (a judgment is final "where the case is no longer pending in the court below").  Therefore, the order the Sundys seek to appeal is interlocutory and may not be appealed without compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review from the superior court and filing an application for interlocutory appeal setting forth the need for review.  See *In the Interest of W. L.*, 335 Ga. App. 561, 563 (782 SE2d 464) (2016).

In their notice of appeal, the Sundys claim that they have a right of direct appeal because the superior court's order, though not final, falls within the collateral order doctrine.  That doctrine establishes an exception to the finality requirement for a "very small class of interlocutory rulings [that] are effectively final in that they finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."  *Rivera v. Washington*, 298 Ga. 770, 774 (784 SE2d 775) (2016) (punctuation omitted).  Among other requirements, the collateral order doctrine applies only to cases "where denial of immediate review would render impossible any

review whatsoever." *Murphy v. Murphy*, 322 Ga. App. 829, 831 (747 SE2d 21) (2013) (punctuation and emphasis omitted). The superior court order at issue here does not meet this requirement, as questions concerning that court's jurisdiction are reviewable on appeal from a final judgment.

The Sundys also claim that the superior court's order is directly appealable because it "integrated with an Interlocutory mandatory injunctive command." Orders granting or denying interlocutory injunctions are directly appealable pursuant to OCGA § 5-6-34 (a) (4). "[T]he purpose of an interlocutory injunction . . . is to preserve the status quo pending a final adjudication on the merits of the action." *India-American Cultural Assn. v. iLink Professionals*, 296 Ga. 668, 670 (769 SE2d 905) (2015). Because the order at issue here neither granted nor denied injunctive relief, it does not fall within OCGA § 5-6-34 (a) (4).

The Sundys' failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Eidson v. Croutch*, 337 Ga. App. 542, 543 (788 SE2d 129) (2016) ("The failure to follow the interlocutory appeal requirements, when applicable, generally deprives this Court of jurisdiction."). The Sundys' emergency motion for a writ of mandamus and a writ of prohibition is MOOT.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __10/03/2017__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____, *Clerk.*