# Court of Appeals
# of the State of Georgia

ATLANTA,  December 19, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0845. MICHAEL WOODRUFF v. ROBYN WOODRUFF.**

Robyn Woodruff filed a petition for contempt against Michael Woodruff in their divorce action.[1] In an order entered on May 30, 2017, the trial court found that Michael had liquidated marital retirement accounts in violation of OCGA § 19-5-7, but reserved resolution of the issue of whether his violation constituted contempt. In the same order, the trial court also found that Michael had willfully failed to follow the court's orders, struck his pleadings under OCGA § 9-11-37 (b) (2) (C), and permitted his counsel to withdraw. On June 29, 2017, Michael, proceeding pro se, filed in the trial court a motion for an extension of time to appeal. It appears that the trial court construed the motion as a notice of appeal, since the record was forwarded to the Supreme Court and, on September 20, 2017, the case was docketed as a direct appeal. The Supreme Court, however, transferred the case to this Court. See Case No. S18A0209 (transferred October 11, 2017). Pretermitting whether the trial court properly construed Michael's motion as a notice of appeal, we lack jurisdiction.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas*

---

[1] These parties have appeared before this Court previously. In January 2017, Michael filed in the Supreme Court an emergency motion seeking an extension of time to file an appeal from an order entered on December 6, 2016. The case was transferred to this Court, which denied the motion, and no appeal was filed at that time. See Case No. S17T0888 (transferred January 12, 2017) and Case No. A17E0033 (denied January 31, 2017).

*County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995). Here, the trial court reserved resolution of whether Michael was in contempt, which leaves the case pending below. Thus, in order to appeal, Michael was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b), including obtaining a certificate of immediate review within ten days of the order to be appealed and filing an application to appeal within ten days after the certificate was issued. His failure to do so here deprives this Court of jurisdiction.[2] See *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016); *Eidson v. Croutch*, 337 Ga. App. 542, 543 (788 SE2d 129) (2016). Accordingly, this appeal is dismissed.[3]



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,___12/19/2017_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____ , Clerk.

---

[2] On July 10, the trial court issued a certificate of immediate review regarding a different order, in which the court denied Michael's fourth and fifth motions to recuse. But this certificate was not timely as to the May 30 order, and no application was filed in the Supreme Court (or this Court) within ten days of the issuance of the certificate. See OCGA § 5-6-34 (b).

[3] Robyn has filed a motion for sanctions in the amount of $2,500. See Court of Appeals Rule 7 (e) (2). Her motion is denied.