# Court of Appeals
# of the State of Georgia

ATLANTA, April 03, 2019

*The Court of Appeals hereby passes the following order:*

**A19D0386.  SAMUEL ANKRAH v. DOREEN LAWRENCE.**

Samuel Ankrah filed a petition for legitimation of the parties' two minor children, who attend boarding school in Ghana.  Doreen Lawrence filed a counterclaim for custody.  After a temporary hearing, the trial court awarded primary physical custody to Lawrence.  Thereafter, Ankrah filed a motion for reconsideration.  The trial court appointed a guardian ad litem.  At a hearing in October 2018, the trial court orally denied Ankrah's motion for reconsideration.  After the hearing, Ankrah dismissed his petition.  He also filed a motion to vacate the court's order appointing a guardian ad litem.  In January 2019, Lawrence filed a motion for attorney fees pursuant to OCGA § 9-15-14 (a) regarding the reconsideration motion and the motion to vacate the order.  The trial court granted the motion and ordered Ankrah's counsel to pay $2,500 in attorney fees.  Ankrah then filed this application for discretionary appeal.  Lawrence has filed a motion to dismiss the application and for  Rule 7(e) (2) sanctions.

Generally, a party must follow the discretionary appeal procedures to appeal the award of OCGA § 9-15-14 attorney fees. See OCGA § 5-6-35 (a) (10).  Here, although Ankrah dismissed his petition, Lawrence's counterclaim remains pending below.  Because no final judgment has been entered, the order Ankrah seeks to appeal is interlocutory.  See *Eidson v. Croutch*, 337 Ga. App. 542, 544 (788 SE2d 129) (2016).  Consequently, in order to obtain appellate review, Ankrah was required to follow the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b), including obtaining a certificate of immediate review. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996); see also *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga.

587, 588-589 (1) (408 SE2d 103) (1991). Although Ankrah filed an application for discretionary appeal, as described in OCGA § 5-6-35, compliance with that procedure does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey*, 266 Ga. at 833. Ankrah's failure to follow the interlocutory appeal procedures deprives this Court of jurisdiction of this application. Accordingly, Lawrence's motion to dismiss is GRANTED, and this application is hereby DISMISSED. Lawrence's request for a frivolous application penalty pursuant to Court of Appeals Rule 7 (e) (2) is DENIED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __04/03/2019__
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*