# Court of Appeals
# of the State of Georgia

ATLANTA,  February 02, 2024

*The Court of Appeals hereby passes the following order:*

**A24D0217. SHOHEL MOMIN v. JEREMY ANDERSON et al.**

Based on the limited application materials, it appears that Pearl Garden Homes, LLC and Goodson, LLC brought this property dispute against Jeremy and Traci Anderson. The Andersons then filed a third-party complaint against Shohel Momin, RW Investments, LLC, and Richard Walker. Momin filed a motion for summary judgment, which the trial court granted. Momin then filed a motion seeking attorney fees under OCGA § 9-15-14. The trial court denied that motion, and Momin now seeks discretionary review. We, however, lack jurisdiction.

Generally, a party must follow the discretionary appeal procedures to appeal an order awarding or denying OCGA § 9-15-14 attorney fees. See OCGA § 5-6-35 (a) (10). This action, however, involves multiple parties and claims, and the materials that Momin submitted with his application contain no indication that the trial court has adjudicated any claims other than the third-party claims against Momin. Thus, it appears that this action remains pending below and that the order Momin wishes to appeal is interlocutory. See *Eidson v. Croutch*, 337 Ga. App. 542, 543-544 (788 SE2d 129) (2016) (holding that an award of attorney fees issued before final judgment is interlocutory). Under these circumstances, Momin was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b), including obtaining a certificate of immediate review, to pursue an appeal at this juncture.[1] See *Bailey v.*

---

[1] Perhaps in recognition of this fact, Momin styled the application as one for interlocutory review. But without the certificate of immediate review required by OCGA § 5-6-34 (b), we docketed the application as one for discretionary review.

*Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). Although Momin filed an application for discretionary appeal, as described in OCGA § 5-6-35, compliance with that procedure does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey*, 266 Ga. at 833; *Eidson*, 337 Ga. App. at 543. Momin's failure to follow the interlocutory appeal procedures deprives us of jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 02/02/2024

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____ , *Clerk.*