# Court of Appeals
# of the State of Georgia

ATLANTA,  August 12, 2024

*The Court of Appeals hereby passes the following order:*

**A25D0001. CHON HERRERA v. ELIZABETH BRAGG.**

Elizabeth Bragg sued Chon Herrera to recover for injuries following a motor vehicle accident. When Bragg had trouble accomplishing personal service upon Herrera, she filed a motion to determine the sufficiency of service by publication and to exercise personal jurisdiction over Herrera. The trial court entered an order finding that Herrera was secreting himself to avoid service and that service by publication was sufficient. Bragg then filed a motion for attorney fees and costs under OCGA § 9-15-14 (b), arguing that Herrera had unnecessarily expanded the proceedings by evading service. The trial court granted the motion, and Herrera filed this application for discretionary review. Bragg has filed a motion to dismiss on the ground that Herrera was required to file an application for interlocutory review.

Generally, an application for discretionary appeal is required for appellate review of an award of attorney fees or litigation expenses under OCGA § 9-15-14. See OCGA § 5-6-35 (a) (10), (b). But where, as here, the action remains pending below and the order is a non-final order that does not resolve all issues in the action, a party is required to follow the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b) — including obtaining a certificate of immediate review — to challenge a fee award. See generally *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996) (a party seeking appellate review of an interlocutory order that also implicates the discretionary application statute must comply with the interlocutory application statute); see also *Eidson v. Croutch*, 337 Ga. App. 542, 543-545 (788 SE2d 129) (2016) (where attorney fee order is issued prior to final judgment, a party seeking appellate

review must follow interlocutory appeal requirements). Thus, Herrera was required to follow the interlocutory appeal procedure to challenge the OCGA § 9-15-14 (b) fee award, and his failure to do so deprives this Court of jurisdiction over this application for discretionary review. See *Bailey*, 266 Ga. at 832-833; *Eidson*, 337 Ga. App. at 543-545. Bragg's motion to dismiss is hereby GRANTED, and this application is DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 08/12/2024

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*