# Court of Appeals
# of the State of Georgia

ATLANTA,  October 22, 2024

*The Court of Appeals hereby passes the following order:*

**A25I0055. MECO BARBER et al. v. THE STATE.**

Defendants Meco Barber and Clifford Jones filed a motion to suppress in their underlying criminal case, which the trial court denied on January 31, 2024. The defendants later filed a motion to set aside the January 31 order, which the trial court denied on September 13, 2024. On September 19, 2024, the trial court granted certificates of immediate review from the January 31 order denying the motion to suppress. The defendants now seek interlocutory review of the trial court's September 13 order denying their motion to set aside. We, however, lack jurisdiction.

A party may seek interlocutory review only if the trial court "certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had . . . ." OCGA § 5-6-34 (b). The procedural requirements of OCGA § 5-6-34 (b) are jurisdictional, and we cannot consider an application in which the requirements were not met. See *Duke v. State*, 306 Ga. 171, 172-174 (1) (829 SE2d 348) (2019); *Eidson v. Croutch*, 337 Ga. App. 542, 543 (788 SE2d 129) (2016).

Here, the trial court did not certify that the September 13 order that the defendants seek to appeal is of such importance to the case that immediate review should be had. See OCGA § 5-6-34 (b). The certificates of immediate review instead addressed the January 31 order, which is not the subject of this application. Even if the defendants had sought interlocutory review of the January 31 order, the certificates were not timely as to that order. See *Von Waldner v. Baldwin/Cheshire, Inc.*, 133 Ga. App. 23, 24 (2) (209 SE2d 715) (1974). In the absence of a certificate for immediate

review from the September 13 order, we lack jurisdiction to consider this application, which is hereby DISMISSED. See *Duke*, 306 Ga. at 172-174 (1); *Eidson*, 337 Ga. App. at 543.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*__10/22/2024_____

        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*