# Court of Appeals
# of the State of Georgia

ATLANTA,  October 31, 2024

*The Court of Appeals hereby passes the following order:*

**A25D0086. LUANN EVANS MINIATIS v. RONALD MINIATIS.**

Based on the limited application materials, it appears that Ronald Miniatis ("Husband") sued Luann Evans Miniatis ("Wife") for divorce in 2023. A final hearing was scheduled for September 6, 2024. In August 2024, the parties signed a settlement agreement resolving all issues. Six days later, Husband filed a motion for judgment on the pleadings "to allow the [c]ourt to enter a Final Judgment and Decree of Divorce without the need for an evidentiary hearing[.]" That same day, Wife filed a motion to set aside the settlement agreement. The trial court denied Wife's motion to set aside and awarded Husband attorney fees and costs under OCGA § 9-15-14 (b) for defending the motion. Wife seeks discretionary review of the attorney fee award, but we lack jurisdiction.

Generally, an application for discretionary appeal is required for appellate review of an award of attorney fees or litigation expenses under OCGA § 9-15-14. See OCGA § 5-6-35 (a) (10), (b). Here, however, it appears that the case remains pending below, as no final divorce decree has been entered. Accordingly, Wife was required to follow the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b) — including obtaining a certificate of immediate review — to challenge the fee award. See generally *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996) (a party seeking appellate review of an interlocutory order that also implicates the discretionary application statute must comply with the interlocutory application statute); see also *Eidson v. Croutch*, 337 Ga. App. 542, 543-545 (788 SE2d 129) (2016) (when an attorney fee order is issued before final judgment, a party seeking appellate

review must follow the interlocutory appeal procedure). Wife's failure to follow the interlocutory appeal procedure deprives this Court of jurisdiction over this application for discretionary review. See *Bailey*, 266 Ga. at 832-833; *Eidson*, 337 Ga. App. at 543-545. This application is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 10/31/2024

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*