# Court of Appeals
# of the State of Georgia

ATLANTA, January 29, 2026

*The Court of Appeals hereby passes the following order:*

### A26D0294. SAMUEL F. COOPER v. MCCALLA RAYMER LEIBERT PIERCE, LLC et al.

This case originated following a foreclosure sale of certain real property in September 2024, which resulted in $226,273.96 in excess funds. McCalla Raymer Leibert Pierce, LLC filed a petition for interpleader, naming Samuel F. Cooper, Amanda Kay Cooper, Truist Bank, Inc., and Jones Creek Plantation Homeowner's Association, Inc. ("the HOA") as respondents. Truist Bank filed a motion for summary judgment. On December 10, 2025, the trial court entered a "Consent Final Order," recognizing Truist Bank's and the HOA's agreement as to the disbursement of the excess funds.

On December 12, 2025, Cooper filed a pro se "Emergency Motion to Set Aside Void Judgment, for Stay of Disbursement, and Demand for Recusal."[1] And on December 22, 2025, the trial court entered an "Order to Stay Consent Final Judgment" and set Cooper's emergency motion for a February hearing for a determination of whether the "[j]udgment should not have been granted on the merits."[2] Cooper then filed this application for discretionary appeal of the December

---

[1] On December 19, 2025, Cooper filed a motion for a writ of mandamus in this Court, requesting that this Court compel the trial court to immediately rule on his emergency motion. We denied the petition. See Case No. A26E0109 (Dec. 19 2025).

[2] Thereafter, on December 31, 2025, Cooper filed a notice of appeal, which has not yet be docketed in this Court. That same day, Cooper filed in this Court an "Emergency Motion for Supersedeas and to Set Bond," which we denied. See Case

10 order.[3] We, however, lack jurisdiction.

As a general rule, a right of direct appeal lies from only a final judgment — that is, where the case is no longer pending below. See OCGA § 5-6-34(a)(1); *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022) ("an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court") (punctuation omitted). Here, Cooper's motion to set aside the consent judgment has yet to be ruled upon. Thus, the case remains pending below. To obtain immediate review of the trial court's order, therefore, Cooper was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34(b), which include obtaining a certificate of immediate review from the trial court. See *Islamkhan v. Khan*, 299 Ga. 548, 551(2) (787 SE2d 731) (2016).

And Cooper's filing of an application for a discretionary appeal does not excuse him from complying with the interlocutory appeal procedures set forth in OCGA § 5-6-34(b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996) (where a party is appealing an interlocutory order, the filing of an application for a discretionary appeal is insufficient to confer jurisdiction on the appellate court); *Eidson v. Croutch*, 337 Ga. App. 542, 543 (788 SE2d 129) (2016) (same).

---

No. A26E0120 (Jan. 2, 2026). In addition, Truist Bank maintains that it filed an amended motion for summary judgment on December 31, 2025, to address Cooper's "Response" to the interpleader action.

[3] Although Cooper states in his application that he seeks to appeal the December 10 order, he attached to his application materials the December 22 order granting a stay on disbursement and setting the matter for a hearing.

Given Cooper's failure to follow the interlocutory appeal procedures, we lack jurisdiction to consider this application, which is hereby DISMISSED. Furthermore, Cooper's emergency motion filed January 20, 2026, is hereby DENIED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   01/29/2026*

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*