# Court of Appeals
# of the State of Georgia

ATLANTA,  June 05, 2026

*The Court of Appeals hereby passes the following order:*

## A26I0227. JERRY THOMAS v. THE STATE.

After Jerry Thomas was charged by accusation with driving with a suspended license in violation of OCGA § 40-5-121, he filed a motion to dismiss the accusation. On April 15, 2026, the trial court denied Thomas's motion to dismiss. Then, on April 22, 2026, the trial court entered a certificate of immediate review. Thomas filed this interlocutory application on May 15, 2026. This Court lacks jurisdiction.

Thomas was required to comply with OCGA § 5-6-34(b), the interlocutory appeal statute, to appeal. See *Buckner-Webb v. State*, 314 Ga. 823, 827(2)(a) (878 SE2d 481) (2022). That statute requires the filing of an application with the clerk of the Court of Appeals within 10 days of obtaining a certificate of immediate review. Here, however, Thomas did not file the application for interlocutory appeal within 10 days of the entry of the certificate of immediate review, instead, he filed the application 23 days after entry of the certificate. Accordingly, the application was untimely.

"[W]hen the order appealed from is an interlocutory order, the appellate court does not acquire jurisdiction unless the procedure of OCGA § 5–6–34(b) for interlocutory appeal is followed." *Eidson v. Croutch*, 337 Ga. App. 542, 543 (788 SE2d 129) (2016) (citations and punctuation omitted). Thomas's failure to comply with the appropriate procedures deprives this Court of jurisdiction.

Thomas appears to recognize that his application was untimely and has filed a motion to reinstate and accept it, arguing that he unsuccessfully attempted to file the application within 10 days of the issuance of the certificate of immediate review, but that this Court rejected his filings because he omitted the filing fee and certificate of

service. This Court, however, lacks the authority to grant Thomas's motion.

Our Court's rules state that "[t]he Clerk shall not receive an application unless filing fees have been paid or one or more of the exceptions set out in Rule 5 have been met. See OCGA § 5-6-4." Court of Appeals Rule 30(d). Furthermore, Court of Appeals Rule 30(g)(1)(i) incorporates the requirements from Rule 24, which mandates that briefs be filed in conformity Rule 6, which requires a certificate of service and states that "[a]ny document without a certificate of service or otherwise not in compliance with this rule shall not be accepted for filing." Court of Appeals Rule 6(d). Thomas's initial filings did not conform to this Court's rules and thus, we could not accept his earlier submissions for filing.

For the above reasons, this application is hereby DISMISSED and this Court DENIES Thomas's motion to reinstate and accept the application.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  06/05/2026*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*