## S96A0379. BAILEY v. BAILEY.
### (471 SE2d 213)

HINES, Justice.

This case concerns the proper method for pursuing appeals when both the discretionary appeal and interlocutory appeal statutes are implicated. The wife filed for divorce and, pursuant to OCGA § 19-6-3, sought temporary alimony. After a hearing, the superior court awarded the wife $500 per month. The husband filed an application with this Court, pursuant to OCGA § 5-6-35 (a) (2), seeking discretionary appeal from the trial court's award of temporary alimony. We granted the application to consider whether a party seeking appellate review of an order awarding temporary alimony must comply with the interlocutory appeal procedure of OCGA § 5-6-34 (b). We conclude that the interlocutory appeal procedure must be followed.

Both OCGA §§ 5-6-35 and 5-6-34 (b) are involved when, as here, a trial court issues an order awarding temporary alimony. OCGA § 5-6-35 lists cases in which an application for appeal is required and includes "[a]ppeals from judgments or orders . . . granting or refusing . . . temporary or permanent alimony . . . ." OCGA § 5-6-35 (a) (2). However, an order awarding temporary alimony is interlocutory and, therefore, subject to the requirements of the interlocutory appeal procedure of OCGA § 5-6-34 (b). See OCGA § 19-6-3; *Ritchea v. Ritchea*, 242 Ga. 524 (250 SE2d 435) (1978); *Gray v. Gray*, 226 Ga. 767, 768 (2) (177 SE2d 575) (1970). OCGA § 5-6-34 (b) requires parties seeking appellate review of orders, decisions, or judgments that are not otherwise subject to direct appeal to seek a certificate of immediate review from the trial court and comply with the appropriate time limitations.

In *Scruggs v. Ga. DHR*, 261 Ga. 587 (408 SE2d 103) (1991), this Court overruled *Straus v. Straus*, 260 Ga. 327 (1) (393 SE2d 248) (1990), which held that the discretionary appeal statute, OCGA § 5-6-35, controls interlocutory applications in domestic relations cases. We concluded that:

> The legislature did not intend for parties to regulate litigation. Allowing parties involved in divorce actions absolute authority to seek appellate review of interlocutory orders will produce unnecessary delays in the trial courts and breed fragmented and piecemeal appeals. We expressly overrule Division 1 of *Straus* and hold that the discretionary-application statute, OCGA § 5-6-35, does not allow a party to ignore the interlocutory-application subsection, OCGA § 5-6-34 (b), when attempting to obtain appellate review.

> Furthermore, the certificate of immediate review is not "surplusage." *Straus*, supra. The certificate is an essential com-

ponent of a trial court's power to control litigation. Therefore, a party seeking appellate review from an interlocutory order must follow the interlocutory-application subsection, OCGA § 5-6-34 (b), seek a certificate of immediate review from the trial court, and comply with the time limitations therein.

*Scruggs*, supra at 588-589.

The husband contends that the holding in *Scruggs* is not applicable here, because the discretionary application statute expressly provides that an order granting or denying temporary alimony is appealable pursuant to OCGA § 5-6-35 (a) (2), and that the legislature, therefore, intended temporary alimony to fall exclusively under the discretionary appeal statute, OCGA § 5-6-35. The contention is unavailing.

The discretionary appeal statute does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See OCGA § 5-6-35 (b); *Rebich v. Miles*, 264 Ga. 467, 469, n. 2 (448 SE2d 192) (1994); *Scruggs*, supra at 588. Thus, a party appealing an interlocutory order must comply with the requirements of OCGA § 5-6-34 (b), irrespective of whether the appeal is brought pursuant to OCGA § 5-6-35. Because review of the trial court's order awarding temporary alimony must be by way of OCGA § 5-6-34 (b), and the husband failed to follow the required interlocutory procedure, we are without jurisdiction to hear the merits of his appeal.

*Appeal dismissed. All the Justices concur, except Carley, J., who concurs specially.*

CARLEY, Justice, concurring specially.

I agree with the majority that under the present statutory scheme, a party seeking appellate review of an order granting or refusing temporary alimony must comply with the interlocutory appeal procedure of OCGA § 5-6-34 (b). However, I do not agree with the implication of the majority opinion that an order awarding or denying temporary alimony has *always* been subject to the interlocutory appeal provisions of what is now OCGA § 5-6-34 and that the resolution of the issue before us is simply a matter of applying *Scruggs v. Ga. DHR*, 261 Ga. 587 (408 SE2d 103) (1991) and *Rebich v. Miles*, 264 Ga. 467, 469, fn. 2 (448 SE2d 192) (1994). Therefore, I write separately to demonstrate that the conclusion as to appealability we reach today is a direct result of specific statutory changes made by the General Assembly in 1979. The rationale of *Scruggs*, which correctly overruled *Straus v. Straus*, 260 Ga. 327 (1) (393 SE2d 248) (1990), is simply that OCGA § 5-6-35 provides that orders which were otherwise di-

rectly appealable under OCGA § 5-6-34 were no longer appealable absent the approval by the appellate court of an application for discretionary appeal as provided in OCGA § 5-6-35. *Scruggs* further recognized, however, that if an order which is subject to the discretionary provisions of OCGA § 5-6-35 is also one requiring pursuit of the interlocutory appeal provisions of OCGA § 5-6-34 (b), compliance with the requirements of both Code sections was mandated. See also *Rebich v. Miles*, supra.

Thus, application of OCGA §§ 5-6-34 and 5-6-35 to the order in the present case reveals that the award of temporary alimony is not only within the subject matter classification of cases under OCGA § 5-6-35, but is also one which, from a temporal standpoint, is not appealable without a certificate of immediate review and compliance with the interlocutory provisions of OCGA § 5-6-34. However, that has not always been the case. For its conclusion as to the applicability of OCGA § 5-6-34, the majority relies upon *Ritchea v. Ritchea*, 242 Ga. 524 (250 SE2d 435) (1978) and *Gray v. Gray*, 226 Ga. 767 (2) (177 SE2d 575) (1970). Those pre-1979 cases offer absolutely no support for that conclusion. *Ritchea* was a direct appeal from an order granting temporary alimony and nowhere addresses the appealability issue. *Gray* specifically and unequivocally holds that "[t]he judgment denying temporary alimony *was an appealable judgment,* and error may be assigned on the temporary custody order which was included in the same order, without reference to the appealability of the custody order standing alone." (Emphasis supplied.) *Gray v. Gray*, supra at 768. *Gray* simply recognized that OCGA § 5-6-34 (a), as originally enacted, specifically authorized a *direct* appeal from a judgment granting or denying an award of temporary alimony. Ga. L. 1965, pp. 18-19. At that time, an interlocutory order not specifically mentioned in OCGA § 5-6-34 (a) was not appealable absent the entry of a certificate of immediate review from the trial court. When OCGA § 5-6-34 was subsequently amended by Ga. L. 1975, p. 757 so as to require not only the trial court's certificate, but also the pursuit of the interlocutory application procedures of subsection (b), the direct appealability of temporary alimony awards was unaffected.

However, in 1979, the General Assembly enacted the discretionary appeal statute, now codified as OCGA § 5-6-35, which required application to and approval by the appropriate appellate court from orders in certain "types of cases." The new statute applied to appeals in most domestic relations cases, including "judgments or orders granting or refusing . . . temporary . . . alimony. . . ." Ga. L. 1979, pp. 619, 621. However, what is significant is that the same legislation also specifically amended what is now OCGA § 5-6-34 by deleting "application for alimony, either temporary or permanent" from the listing of judgments which, from a finality standpoint, were directly

appealable. Ga. L. 1979, pp. 619, 620. Thus, prior to 1979, the grant or refusal of temporary alimony was directly appealable by notice of appeal without a certificate of immediate review or pursuit of the interlocutory appeal provisions of OCGA § 5-6-34 and, of course, there was no "discretionary" application procedure for any orders otherwise directly appealable. However, as a result of the 1979 enactment, an order granting or denying temporary alimony not only became subject to the discretionary application procedures applicable to other domestic relations cases, pursuant to OCGA § 5-6-35, it also lost its temporal direct appealability because of the amendment to OCGA § 5-6-34. For these reasons, I agree with the majority that an order granting or denying temporary alimony is not appealable absent compliance with OCGA §§ 5-6-34 and 5-6-35.

DECIDED JUNE 3, 1996 —
RECONSIDERATION DENIED JUNE 28, 1996.

*Gerald P. Privin,* for appellant.
*Shepherd & Johnston, William G. Johnston III,* for appellee.