# Court of Appeals
# of the State of Georgia

ATLANTA,__April 17, 2014____

*The Court of Appeals hereby passes the following order:*

## A14D0297. DANIEL ERIC COBBLE v. STEPHANIE A. LOCKHART.

Daniel Eric Cobble filed a pro se application for discretionary appeal seeking to challenge the trial court's scheduling order in a pending civil matter. The trial court's order is not final, however. And "a party seeking appellate review from an interlocutory order must follow the interlocutory-application subsection, OCGA § 5-6-34 (b), seek a certificate of immediate review from the trial court, and comply with the time limitations therein." (Citation omitted.) *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996); see also *Boyd v. State*, 191 Ga. App. 435 (383 SE2d 906) (1989). OCGA § 5-6-35, which governs the discretionary appeal procedure, does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6- 34 (b). See *Bailey v. Bailey*, 266 Ga. 832 (471 SE2d 213) (1996). For this reason, we lack jurisdiction over this application, which is hereby DISMISSED.

We note that, in addition to this application, Cobble has filed over 15 actions in this Court, most of which were summarily dismissed or denied.[1] Like many of his prior actions, this action is essentially frivolous.[2]

---

[1] In July 2012, this Court dismissed Cobble's application for discretionary appeal based upon his failure to include a certificate of immediate review in an interlocutory matter. See A12D0423, dismissed July 13, 2012.

[2] In addition to failing to obtain a necessary certificate of immediate review, Cobble also failed to provide a copy of the motion that led to the order he seeks to appeal. See Court of Appeals Rule 31 (b). Cobble appeals the denial of a motion to produce, but given the dearth of information he supplied, we are unable to ascertain

OCGA § 42-12-7.2 provides:

> [i]n no event shall a prisoner file any action in forma pauperis in any court of this state if the prisoner has, on three or more prior occasions while he or she was incarcerated or detained in any facility, filed any action in any court of this state that was subsequently dismissed on the grounds that such action was frivolous or malicious, unless the prisoner is under imminent danger of serious physical injury.

We thus caution Cobble that if he continues to file frivolous actions in this Court, he will find all future claims barred by OCGA § 42-12-7.2.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 04/17/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

what he was seeking to have produced.