# Court of Appeals
# of the State of Georgia

ATLANTA,   May 08, 2014

*The Court of Appeals hereby passes the following order:*

## A14D0326. ALEX HIGDON v. JANE HIGDON.

Alex and Jane Higdon had a messy divorce and bitter fight over custody and child support of their four children. Proceeding pro se, Alex has filed multiple appeals and applications in the trial court and this Court related to the divorce, child support, and child custody.[1] In fact, Alex filed so many pro se motions in the trial court that the court issued an order prohibiting him from future filings without first gaining permission from the trial court. We affirmed that order.[2] Alex subsequently filed 22 requests to file various motions. The trial court issued an order granting in part and denying in part his requests to file, and Alex seeks discretionary review of that order.

---

[1] In A13D0512, he sought discretionary review of the trial court's denial of his motion to set aside in a garnishment case. We denied the application. In A12D0163, he sought discretionary review of the trial court's order denying his motion to recuse in the divorce case. We dismissed the application as premature because a motion for new trial remained pending below. In A12D0140, he sought discretionary review of the trial court's order denying his motion to proceed in forma pauperis. We denied the application. In A12D0070, he sought discretionary review of an order holding him in contempt for failing to pay child support. We transferred the application to the Supreme Court, which returned it to us. We then granted it. The resulting appeal was docketed as A12A1763, and we affirmed the trial court's contempt ruling in a published opinion. *Higdon v. Higdon*, 321 Ga. App. 260 (739 SE2d 498) (2013). In A12A2145, Alex appealed a trial court order suspending his visitation rights. We consolidated the case with A12A1763, but later dismissed it as moot because the court had subsequently reinstated Alex's visitation rights. See *Higdon*, supra.

[2] See *Higdon*, supra at 266 (4).

We, however, lack jurisdiction.

The trial court's order indicates that it granted Alex's request to file a number of documents, including an amended motion for new trial, motions to compel discovery from CBS Atlanta News and Krystal Moore, and a motion for recusal. Clearly, the case remains pending below and no final judgment has been entered. Therefore, the order that Alex wishes to appeal is interlocutory in nature. See *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 589 (1) (408 SE2d 103) (1991). A party seeking appellate review from an interlocutory order must follow the interlocutory application procedure set forth in OCGA § 5-6-34 (b), which includes obtaining a certificate of immediate review from the trial court. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). OCGA § 5-6-35, which governs the discretionary appeal procedure, does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6- 34 (b). See *Bailey*, supra. Alex's failure to follow the interlocutory appeal procedure deprives us of jurisdiction over this application, which is therefore DISMISSED.

Alex has also filed an emergency motion for supersedeas, asserting the same grounds raised in his application. Given our dismissal of his application, that motion is moot.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, 05/08/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia. Witness my signature and the seal of said court hereto affixed the day and year last above written.*

, *Clerk.*