# Court of Appeals
# of the State of Georgia

ATLANTA,   May 20, 2014

*The Court of Appeals hereby passes the following order:*

## A14D0344.  ANDERSON ANESTHESIA, INC. v. ANNE E. ANDERSON.

Anne Anderson and Warren Jeff Anderson are involved in divorce proceedings in Louisiana. On October 30, 2013, Anne Anderson obtained an Income Assignment Order, which directed that the payor of any income to Warren Jeff Anderson or Anderson Anesthesia, Inc. withhold 50 percent of disposable income as defined by the statute cited therein. The order was sent to Premier Anesthesia, LLC, a Georgia corporation, which transacts business with Anderson Anesthesia, an Alabama Corporation. Once Premier Anesthesia began withholding funds, Anderson Anesthesia filed a petition to stay foreign enforcement in Fulton County Superior Court by filing, and Anne Anderson filed a motion to dismiss the petition.

The trial court entered an order in which it stayed the action for a period of two weeks to allow Anderson Anesthesia to file motions in the Louisiana court, indicated that it would dismiss the petition to stay enforcement if Anderson Anesthesia failed to file the appropriate motions, and ordered that Premier Anesthesia continue to pay monies due under the income assignment order into the court registry.  Anderson Anesthesia then filed an application for discretionary review in the Supreme Court, which transferred the case to this Court.  We lack jurisdiction.

It is clear from the trial court's order that the case remains pending below, and no final judgment has been entered.  Therefore, the order that Anderson Anesthesia wishes to appeal is interlocutory in nature. See *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 589 (1) (408 SE2d 103) (1991). A party seeking appellate review from an interlocutory order must follow the interlocutory application procedure set forth in OCGA § 5-6-34 (b), which includes obtaining a certificate of

immediate review from the trial court. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). OCGA § 5-6-35, which governs the discretionary appeal procedure, does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey*, supra. Anderson Anesthesia's failure to follow the interlocutory appeal procedure deprives us of jurisdiction over this application, which is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 05/20/2014
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
                *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____, *Clerk.*