# Court of Appeals
# of the State of Georgia

ATLANTA,  December 28, 2017

*The Court of Appeals hereby passes the following order:*

**A18D0215.  TIM SUNDY et al. v. FRIENDSHIP PAVILION ACQUISITION COMPANY, LLC et al.**

In this civil action, the trial court entered an order on October 30, 2017, denying various parties' motions to strike several pleadings, for entry of default judgment, and for judgment on the pleadings.[1]  In the October 30 order, the court also: (i) determined that defendants David Sundy and Tim Sundy had properly asserted a counterclaim against the plaintiff, but had not properly added several proposed third-party defendants; (ii) granted the Sundys' request to add several parties as defendants in counterclaim; (iii) ordered two of the added defendants in counterclaim to answer the counterclaim; and (iv) ordered all parties to use a new case caption included in the order.[2]  The Sundys, proceeding pro se, have filed an application for discretionary review in this Court, seeking to appeal the October 30 order.  We lack jurisdiction.

---

[1] The Sundys have not submitted copies of any of the pleadings that led directly to the trial court order at issue in this application, in violation of Court of Appeals Rule 31 (e).

[2] The new caption identifies the Sundys as defendants.  They previously had been identified as intervenors and third-party plaintiffs.

1. The order that the Sundys seek to appeal is a non-final order, leaving the case pending before the trial court. Consequently, pretermitting whether October 30 order is subject to the discretionary appeal procedures, the Sundys were required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to obtain appellate review.[3] See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Their failure to do so deprives us of jurisdiction over this application, which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996); *Boyd*, 191 Ga. App. at 435.

2. Earlier this year, the Sundys filed two discretionary applications and one direct appeal seeking review of interlocutory trial court orders in the same underlying action (case no. 2015CV1366), each of which we dismissed for failure to comply with the interlocutory appeal procedures. See *Tim Sundy et al. v. Friendship Pavilion Acquisition Company, LLC et al.*, No. A18A0290 (Oct. 3, 2017); *David Sundy et al. v. Friendship Pavilion Acquisition Company, LLC et al.*, No. A17D0525 (July 17, 2017); *David Sundy v. Martha C. Christian, Judge et al.*, No. A17D0476 (June 21,

---

[3] Although the Sundys' application includes legal authority for the general proposition that certain interlocutory orders may be directly appealable because they fall within the collateral order doctrine, the Sundys have elaborated no arguments explaining how any of the rulings in the October 30 order fall within this narrow exception to the final judgment rule. See *Rivera v. Washington*, 298 Ga. 770, 774 (784 SE2d 775) (2016) ("[T]he collateral order doctrine . . . recognizes that a very small class of interlocutory rulings are effectively final in that they finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.") (punctuation omitted). Similarly, while the Sundys refer generally to the trial court's purported issuance of various unidentified "interlocutory mandatory injunctions" and "[i]njunctive [o]rders," they do not identify any injunctive rulings that they seek to appeal in their application.

2017).[4] This Court is empowered to impose sanctions upon parties who file frivolous direct appeals and applications to appeal. See Court of Appeals Rule 7 (e) (2). Given the Sundys' history of repeatedly failing to follow the required procedures to seek appellate review of interlocutory rulings, we find the instant application to be frivolous. We caution the Sundys that any future frivolous filings in this Court may result in the imposition of sanctions.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, __12/28/2017__*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[4] We granted the application in Case No. A17D0476 in part, insofar as it sought to appeal a final order in a different underlying case.