# Court of Appeals
# of the State of Georgia

ATLANTA,  April 13, 2018

*The Court of Appeals hereby passes the following order:*

## A18D0396.  DANITTA ROSS et al. v. JP MORGAN CHASE BANK et al.

In July 2017, the plaintiffs Danitta and Brian Ross filed this civil action against (1) JP Morgan Chase Bank, National Association, and (2) McCalla Raymer Leibert Pierce, LLC.[1]  On March 20, 2018, the trial court issued an order dismissing JP Morgan Chase Bank, National Association, from the action, pursuant to OCGA § 9-11-41 (b), based on the plaintiffs' failure to effectuate proper service of process upon it.  The plaintiffs then filed this application for discretionary appeal of the trial court's order.  We lack jurisdiction.

As a threshold matter, we note that no provision of OCGA § 5-6-35, the discretionary appeal statute, appears to apply to the case at bar.  Ordinarily, we will grant a timely application when the trial court's order is subject to direct appeal.  See OCGA § 5-6-35 (j).  Here, however, the trial court's order is not subject to direct appeal.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted).  Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b).  See id.  "Where neither of these code sections are followed, the appeal

---

[1] The plaintiffs subsequently filed a motion to add defendants, but the record does not indicate whether the trial court has ruled on the motion.

is premature and must be dismissed." Id. (punctuation omitted).

Here, the record contains no indication that the trial court directed the entry of judgment under OCGA § 9-11-54 (b) or that McCalla Raymer Leibert Pierce, LLC has been dismissed from this action. Consequently, because this action remains pending below, the plaintiffs were required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the trial court's order. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435 (383 SE2d 906) (1989). The plaintiffs' failure to do so deprives us of jurisdiction over this application, which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   04/13/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*