# Court of Appeals
# of the State of Georgia

ATLANTA,  September 06, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0096.  GREENE COUNTY, GEORGIA v. CITY OF UNION POINT.**

This dispute between Greene County (the "County") and the City of Union Point (the "City") arises out of the Service Delivery Strategy Act (the "Act"), OCGA § 36-70-20 et seq.  In a March 2017 order, the trial court concluded that the Act's evidentiary hearing process is unconstitutional and that sovereign immunity barred several of the City's claims that are not otherwise provided for in the Act.  An appeal was taken to the Supreme Court, which: (i) affirmed the trial court's ruling on sovereign immunity; (ii) reversed the trial court's ruling on the constitutionality of the Act's hearing process; and (iii) concluded that some of the remedies granted by the trial court exceeded those available under the Act.  *City of Union Point v. Greene County*, 303 Ga. 449, 449 (812 SE2d 278) (2018).  On that basis, the Supreme Court affirmed in part, reversed in part, vacated in part, and remanded the case to the trial court "for entry of an appropriate order."  Id.

On remand, the trial court issued an "Order on Remittitur" in which it: (i) ruled that the parties may resume settlement discussions with respect to several remaining open issues under the Act; (ii) ordered the parties to restart the Act's mandatory mediation process with respect to a dispute as to the funding of maintenance for roads and bridges; and (iii) ordered the Clerk of Superior Court to continue to hold a $7,500 bond previously posted by the City. After the trial court denied the County's request for a certificate of immediate review, the County filed this direct appeal.  We lack jurisdiction.

The order that the County seeks to appeal is not final, as this action remains pending before the trial court.  Consequently, the County was required to use the

interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the "Order on Remittitur." See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). The County's failure to do so deprives us of jurisdiction over this appeal. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).

To the extent that the County seeks review of the trial court's denial of a certificate of immediate review, that is not an appealable ruling. See *Price v. State*, 237 Ga. 352, 352-353 (2) (227 SE2d 368) (1976). Absent a timely certificate of immediate review, we lack jurisdiction over this direct appeal, which is hereby DISMISSED. See *Bailey*, 266 Ga. at 833; *Boyd*, 191 Ga. App. at 435.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__09/06/2018_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____, *Clerk.*