# Court of Appeals
# of the State of Georgia

ATLANTA,  February 28, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1306. ALLSTATE INSURANCE COMPANY v. MONGE & ASSOCIATES, P. C. et al.**

This action began when AU Medical Center, Inc. sued Allstate Insurance Company to recover certain medical expenses. Allstate answered and filed a third-party complaint against three third-party defendants who then moved to dismiss the claims against them. In an order entered in December 2019, the trial court granted the motion as to two third-party defendants, but denied the motion as to the other. Allstate then filed this direct appeal. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final judgment. *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). For a party to obtain appellate review under such circumstances, there must be either an express determination by the trial court that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id. Where neither code section is followed, the appeal is premature and must be dismissed. Id.

Here, the record contains no indication that the trial court directed the entry of judgment under § 9-11-54 (b) or that the remaining claims in this action have been disposed of. Consequently, because this action remains pending below, Allstate was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the December 2019 order. See

OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Allstate's failure to do so deprives us of jurisdiction over this premature direct appeal, which is hereby DISMISSED.  See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   02/28/2020*
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*