# Court of Appeals
# of the State of Georgia

ATLANTA,  August 19, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1386. LUPO v. THE STATE et al.**

On February 26, 2019, Bruce and Allison Helmes filed a petition for the adoption of a minor child, M. A. L. The child's father, James William Lupo IV, objected to the adoption. After a hearing, in an order entered on December 9, 2019, the superior court terminated Lupo's parental rights to the child, and granted legal and physical custody of the child to the Helmeses "for [the] purpose of obtaining a final decree of adoption of [M. A. L.]" However, no final decree of adoption was entered at that time.

Through counsel, Lupo filed a discretionary application to appeal the order, which we granted. Case No. A20D0260 (granted Jan. 27, 2020). He then filed the instant appeal. Having reviewed the record and the applicable law, we now DISMISS this appeal as improvidently granted.

Ordinarily, OCGA § 5-6-35 (a) (12) requires a party to seek discretionary review of an order terminating parental rights. However, here, it is clear from the superior court's order that, although it is labeled as a "Final Judgment," the adoption had not yet been granted at the time Lupo filed his notices of appeal. Thus, there was no final order, the adoption remained pending, and the order being appealed is interlocutory. See OCGA § 5-6-34 (a) (1) (providing for a direct appeal from a "final judgment[ ], that is to say, where the case is no longer pending in the court below"). Lupo was required to follow the interlocutory procedures of OCGA § 5-6-34 (b), which he failed to do. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996) ("The discretionary appeal statute does not excuse a party seeking appellate review

of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). Thus, a party appealing an interlocutory order must comply with the requirements of OCGA § 5-6-34 (b), irrespective of whether the appeal is brought pursuant to OCGA § 5-6-35") (citations and punctuation omitted); *Park v. Bailey*, 329 Ga. App. 569, 571 (765 SE2d 721) (2014) (explaining that we dismissed a direct appeal from an order denying a petition to terminate parental rights in an adoption proceeding, as the adoption petition was still pending and appellants had not followed interlocutory appeal procedures).

Accordingly, we dismiss this appeal as improvidently granted. After the adoption is fully resolved, Lupo will be permitted to appeal directly from the adoption decree, and raise his claims of error concerning the termination of his parental rights and the adoption. See *Sauls v. Atchison*, 326 Ga. App. 301, 303-304 (1) (756 SE2d 577) (2014) (appellant not required to file a discretionary application to appeal the termination of his parental rights after final decree of adoption is entered, so long as the appellant also challenges the final decree of adoption). This appeal is hereby DISMISSED AS IMPROVIDENTLY GRANTED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __08/19/2020__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*