# Court of Appeals
# of the State of Georgia

ATLANTA,  September 30, 2020

*The Court of Appeals hereby passes the following order:*

## A21A0310. CAJUN CONTRACTORS, INC. v. MAX LAGUERRE.

The plaintiff Max Laguerre filed this civil action against defendants (1) Peachtree Property Sub, LLC, d/b/a Crowne Plaza Hotel Atlanta-Midtown; (2) FO Peachtree Property, LLC, d/b/a Crowne Plaza Hotel Atlanta-Midtown; (3) AWH Partners, LLC, d/b/a Crowne Plaza Hotel Atlanta-Midtown; (4) Cajun Contractors, Inc.; (5) Cajun Builders, Inc.; (6) Cajun Development, LLC; and (7) John Does 1 through 5. Following a jury trial, the trial court entered a monetary judgment in favor of the plaintiff against Cajun Contractors, Inc., on November 13, 2019. Cajun Contractors, Inc., filed a motion for judgment notwithstanding the verdict or for new trial, which the trial court denied on May 29, 2020. Cajun Contractors, Inc., then filed this direct appeal of the November 13, 2019 judgment and the May 29, 2020 order.[1] We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final judgment. *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385

---

[1] In Case No. A21A0311, Cajun Contractors, Inc., has filed a direct appeal of the trial court's order granting summary judgment to defendants Peachtree Property Sub, LLC, FO Peachtree Property, LLC, and AWH Partners, LLC, on their crossclaims for indemnity and contribution. See OCGA 9-11-56 (h) ("An order granting summary judgment on any issue or as to any party shall be subject to review by appeal. . . .").

SE2d 731) (1989). For a party to obtain appellate review under such circumstances, there must be either an express determination by the trial court that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id. Where neither code section is followed, the appeal is premature and must be dismissed. Id.

Here, the record contains no indication that the trial court adjudicated any of the plaintiff's claims against any of the defendants other than Cajun Contractors, Inc., or directed the entry of judgment under OCGA § 9-11-54 (b). Consequently, because it appears that several of the plaintiff's claims remain pending, this action remains pending in the trial court, and Cajun Contractors, Inc., therefore was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the trial court's November 13, 2019 judgment and May 29, 2020 order. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Its failure to do so deprives us of jurisdiction over this premature direct appeal, which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __09/30/2020__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*