# Court of Appeals
# of the State of Georgia

ATLANTA,  February 11, 2021

*The Court of Appeals hereby passes the following order:*

## A21A0962. MOXIE CAPITAL, LLC v. DELMONT 21, LLC et al.

In this action to quiet title and for several related claims, the trial court appointed a special master, who issued a report on May 1, 2020, recommending that: (i) petitioner Moxie Capital, LLC's motion for partial summary judgment be denied; and (ii) respondent Delmont 21, LLC's motion for summary judgment be granted in part and denied in part. In an order entered on May 12, 2020, the trial court: (i) adopted the May 1 report; (ii) denied Moxie Capital's motion for partial summary judgment as to one of several claims asserted in its "Second Amendment to Petition"; (iii) granted Delmont 21's motion for summary judgment as to that claim; and (iv) denied Delmont 21's motion for summary judgment as to a counterclaim it raised in its answer. Moxie Capital thereafter submitted a filing in which it: (i) sought reconsideration of the May 1 report and May 12 order; (ii) sought a "new trial" regarding the May 1 report and May 12 order; and (iii) asked the trial court to vacate the May 1 report and May 12 order. The trial court denied each of these requests in an order entered on November 9, 2020. Moxie Capital then filed this direct appeal, seeking appellate review of the May 1 report and November 9 order. We lack jurisdiction.

We first note that the May 1 special master's report is not itself appealable, as it is not a trial court ruling. See OCGA § 5-6-34 (a) (providing that appeals may be taken from certain enumerated "judgments and rulings" of "courts or tribunals from which appeals are authorized by the Constitution and laws of this state"). Regardless, this appeal is interlocutory. Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending

in the court below." Here, neither of the filings that Moxie Capital seeks to appeal is a final judgment, as this case remains pending below. Consequently, Moxie Capital was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the November 9 order or any prior trial court rulings. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Its failure to do so deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
　　*Clerk's Office, Atlanta,　02/11/2021　　　　*
　　*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
　　*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



　　　　　　　　　　　　　　　　　　, *Clerk.*