# Court of Appeals
# of the State of Georgia

ATLANTA,  July 01, 2021

*The Court of Appeals hereby passes the following order:*

## A21D0368. CHRIS SCHROEDER v. THE STATE.

Chris Schroeder has been charged with several criminal offenses. On April 2, 2019, the magistrate court entered an order binding Schroeder's prosecution over to the superior court. On June 9, 2021, Schroeder filed this pro se application for discretionary appeal. We lack jurisdiction for multiple reasons.

First, Schroeder's application is untimely. An application for discretionary review must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Schroeder's application was untimely filed more than two years after entry of the order he seeks to appeal.[1]

---

[1] With his application materials, Schroeder provided a copy of a pro se notice of appeal dated April 22, 2019. The notice – which contains no file-stamp showing that it was filed in any court – indicates that Schroeder sought to appeal the magistrate court's April 2, 2019 order to the superior court. Pretermitting whether that document in fact was filed in either lower court, it has no bearing on the timeliness of Schroeder's application for discretionary review. See OCGA § 5-6-35 (d) (an application for discretionary review "shall be filed with the clerk of the Supreme Court or the Court of Appeals within 30 days of the entry of the order, decision, or judgment complained of"); Court of Appeals Rule 31 (d) (the filing date of an application for discretionary review "is the date the application is received in conformity with all court rules").

Second, based on the scant application materials, it appears that Schroeder's prosecution remains pending below. As a result, he was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the court order designated in his application. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). His failure to do so independently deprives us of jurisdiction over this application. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).

For each of the above reasons, Schroeder's application for discretionary appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,  07/01/2021*
       *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*