# Court of Appeals
# of the State of Georgia

ATLANTA,  October 08, 2021

*The Court of Appeals hereby passes the following order:*

## A22A0303. SMOKE MASTERS RIBS'N POLLO INCORPORATED v. LILBURN CENTER, LLC.

This is the second appearance of this landlord/tenant dispute in this Court. In the first, the trial court granted summary judgment to defendant Lilburn Center, LLC, on all but one of Smoke Masters Ribs'N Pollo Incorporated's claims. We affirmed the trial court's judgment in an unpublished opinion. See Case No. A19A1384 (Oct. 8, 2019). After the remittitur issued, Smoke Masters filed a Fourth Amended Complaint, seeking to set aside the trial court's judgment, and the defendant moved to strike the complaint. The trial court entered an order striking the fourth amended complaint and awarded attorney fees to defendant pursuant to OCGA § 9-15-14 (a) and (b). Smoke Master filed a timely notice of appeal from the trial court's order.[1] We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" The record does not establish that a judgment was reached on plaintiff's remaining claim, thus the case remains pending below. Consequently, Smoke Masters was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to obtain appellate review at this juncture. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906)

---

[1] In the Third Amended Notice of Appeal, Smoke Masters purports to appeal not only the trial court's order striking the Fourth Amendment Complaint but also an order entered on March 6, 2021, (implicitly striking) its Third Amended Complaint. But the record reveals not such order of the trial court.

(1989).

Similarly, to the extent that Smoke Masters seeks review of award of attorney fees, the interlocutory appeals process provides the only avenue for appellate review. Generally, an application for discretionary appeal is required for appellate review of an award of attorney fees or litigation expenses under OCGA § 9-15-14. See OCGA § 5-6-35 (a) (10). However, where, as here, the action remains pending below and the order is a non-final order that does not resolve all issues in the action, the appellant is required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) to challenge the fee award. See generally *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996) (party seeking appellate review from an interlocutory order that also implicates the discretionary application statute must comply with the interlocutory application statute). Smoke Masters was therefore required to follow the interlocutory appeal procedure regarding the attorney fees award, and its failure to do so deprives this Court of jurisdiction over the appeal. Accordingly, this appeal is hereby DISMISSED. See *Bailey*, 266 Ga. at 833.



Court of Appeals of the State of Georgia
    Clerk's Office, Atlanta,   10/08/2021
    I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
    Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____ , Clerk.