# Court of Appeals
# of the State of Georgia

ATLANTA,  May 11, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1315. IN RE ESTATE OF MARY JEAN ZUMACH (DECEASED).**

This dispute arises from the administration of the estate of Mary Jean Zumach. In November 2021, the Paulding County probate court entered an order directing the administer of the estate to sell a house owned by the decedent and William Zumach, her ex-husband. The court also ordered that William be reimbursed certain amounts for the sale of the house. William and the administrator filed additional motions regarding the sale of the house, and the administrator moved for OCGA § 9-15-14 attorney fees. The probate court entered an order on March 17, 2022, instructing that the house be listed for sale, and requiring William to pay mortgage payments as long as he continues to reside in the house and to pay $9,374.75 in attorney fees. The probate court stated that if any party failed to comply with the order, a hearing would be held to determine if that party should be held in contempt. William then filed this direct appeal.[1] The estate's administrator has filed a motion to dismiss the appeal.

As a threshold matter, we note that an order of the Paulding County probate court may generally be appealed directly to this Court.[2] However, the order must be

---

[1] William also filed an application for a discretionary appeal, which this Court dismissed for failing to follow the interlocutory appeals procedure. See Case No. A22D0337 (decided May 5, 2022).

[2] Under OCGA § 15-9-123 (a), a party in a civil case in "probate court" shall have the right of appeal to an appellate court without first seeking review in superior court. See *Ellis v. Johnson*, 291 Ga. 127, 128, n.1 (1) (728 SE2d 200) (2012). A "probate court" is defined as "a probate court of a county having a population of more than 90,000 persons according to the United States decennial census of 2010 or any

final. See OCGA § 5-6-34 (a) (1) (appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below"); OCGA § 15-9-123 (a) (the provisions of Chapter 6 of Title 5 apply to probate appeals). Here, there is no indication that the administration of the estate has concluded. Consequently, because no final judgment has been entered, William was required to follow the interlocutory appeal procedures to appeal the March 17 order. See OCGA § 5-6-34 (b); *In re Estate of Reece*, 360 Ga. App. 364, 365-366 (861 SE2d 169) (2021) (probate court order was not final because the administration of the estate remained pending and thus the appellant was required to file an application for interlocutory appeal). Williams's failure to comply with the interlocutory appeals procedure deprives us of jurisdiction over this appeal.[3] See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). The administrator's motion to dismiss is GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  05/11/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

future such census[.]" OCGA § 15-9-120 (2). As of the 2020 census, Paulding County had a population of 168,661.

[3] Although William obtained a certificate of immediate review, he failed to file an application for interlocutory appeal within ten days of the grant of the certificate in this Court. OCGA § 5-6-34 (b).