# Court of Appeals
# of the State of Georgia

ATLANTA,  July 27, 2022

*The Court of Appeals hereby passes the following order:*

**A23D0003. ARNOLD TUNCHEZ v. ROBERT PEREZ.**

In this adoption proceeding, the superior court issued an order terminating the parental rights of Arnold Tunchez on June 16, 2022, and Tunchez filed this application for discretionary appeal on July 19, 2022. However, we lack jurisdiction because the superior court has not yet issued an order on the underlying petition for adoption.

Ordinarily, a party seeking to appeal an order terminating parental rights must file an application for discretionary appeal. See OCGA § 5-6-35 (a) (12). However, where, as here, the case remains pending in the court below, the losing party is required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). The discretionary appeal statute does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). Id.

Because Tunchez failed to comply with the interlocutory appeal procedures, we lack jurisdiction to consider this discretionary application, which is hereby DISMISSED.[1] See *In the Interest of M. K. C.*, 166 Ga. App. 261, 261 (304 SE2d 430) (1983).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __07/27/2022__

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_____ , *Clerk.*

---

[1] We note that even if the order at issue was final, Tunchez's discretionary application would be untimely because it was not filed within 30 days of the entry of the order. See OCGA § 5-6-35 (d).