# Court of Appeals
# of the State of Georgia

ATLANTA,  October 31, 2024

*The Court of Appeals hereby passes the following order:*

## A25A0411. MARIA M. BOICE v. OSBORNE HUGH LANE.
## A25D0087. MARIA BOICE f/k/a MARIA SEIBERT v. OSBORNE HUGH LANE III.

Defendant Maria Boice f/k/a Maria Seibert filed a motion to dismiss this child custody modification proceeding on the ground that the trial court is an inconvenient forum under OCGA § 19-9-67 of the Uniform Child Custody Jurisdiction and Enforcement Act. The trial court denied the motion, and Boice filed both a direct appeal, which has been docketed in this Court as Case No. A25A0411, and an application for discretionary review, which has been docketed in this Court as Case No. A25D0087.[1] We lack jurisdiction in both cases.

Because the trial court did not award, refuse to change, or modify child custody or hold or decline to hold a party in contempt of a child custody judgment or order, the denial of Boice's motion to dismiss is not directly appealable under OCGA § 5-6-34 (a) (11). And the order also is not a final order that resolved all issues in this case. See OCGA § 5-6-34 (a) (1). Consequently, because this action remains pending in the trial court, Boice was required to use the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal the denial of her motion to dismiss. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Pretermitting whether the trial court's order otherwise would

---

[1] This Court granted Boice's motion to extend until October 9, 2024, the deadline to file the application in Case No. A25D0087. *Seibert v. Lane*, Case No. A25E0016 (Sept. 6, 2024).

be subject to the discretionary appeal statute, see OCGA § 5-6-35, Boice's failure to comply with the interlocutory appeal requirements deprives us of jurisdiction over the direct appeal in Case No. A25A0411 and the discretionary application in Case No. A25D0087, both of which are hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  10/31/2024

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*