# Court of Appeals
# of the State of Georgia

ATLANTA,  November 20, 2024

*The Court of Appeals hereby passes the following order:*

## A25A0669. TAMAH JADA CLARK et al v. STATE OF GEORGIA et al.

Attorney General Christopher M. Carr and the State of Georgia filed an application in superior court pursuant to OCGA § 10-1-404 (b) to compel Tamah Jada Cark and Consonantia Divina, LTD to comply with investigative demands relating to enforcement of the Fair Business Practices Act, OCGA § 10-1-390 et seq. Clark moved to dismiss the action, and the trial court denied the motion. Clark filed this appeal from the trial court's order.[1] We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." Here, it appears the State's application remains pending in the trial court. Accordingly, the trial court's order denying Clark's motion to dismiss was a non-final order. In order to appeal this ruling, Clark was required to follow the interlocutory appeal procedures, which include obtaining a certificate of immediate review from the trial court. See OCGA § 5-6-34 (b); *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991).

---

[1] Clark directed her appeal to the Supreme Court, which transferred the case to this Court. See S25A0074 (Oct. 1, 2024).

Clark's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Bailey*, 266 Ga. at 833.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 11/20/2024

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*