# Court of Appeals
# of the State of Georgia

ATLANTA, March 18, 2025

*The Court of Appeals hereby passes the following order:*

**A25D0268. YOLANDA BELL v. NICOLE GARY.**

Proceeding pro se in probate court, Yolanda Bell filed a motion to remove Nicole Gary as the administrator of the Estate of Willie King. After the probate court denied the motion, Bell appealed to the superior court. Bell then filed an emergency motion to stay the probate court orders pending her appeal. The superior court issued an order, determining that Gary's authority to act as the estate administrator was stayed by operation of law, pending the outcome of the appeal. From that order, Bell filed this application.[1] We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." Here, it is clear that this action is still pending in the superior court and thus, the order Bell seeks to appeal is a non-final order. In order to appeal this ruling, Bell was required to follow the interlocutory appeal procedures, which include obtaining a certificate of immediate review from the trial court. See OCGA § 5-6-34 (b); *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996). Bell's failure to comply with

---

[1] Bell has also filed a discretionary application regarding a separate order, see *Bell v. Gary*, Case No. A25D0263, and a direct appeal, which this Court dismissed. See *King v. Gary*, Case No. A25A1022 (dismissed Feb. 12, 2025).

the interlocutory appeal procedures deprives us of jurisdiction over this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 03/18/2025

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*