# Court of Appeals
# of the State of Georgia

ATLANTA, June 06, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1651. ANDREW PAUL LAIZ v. SHARON M. LAIZ.

In this divorce action, the trial court found Andrew Laiz in contempt of the court's standing order in domestic relations actions. Andrew now directly appeals from that order. We lack jurisdiction.

Ordinarily, appeals from "judgments or orders in divorce, alimony, and other domestic relations cases," including orders "holding or declining to hold persons in contempt" of such orders, must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (2), (b). In this case, however, the order Andrew seeks to appeal is non-final, as the divorce remains pending. Therefore, in order to appeal the trial court's order, Andrew was required to comply with the interlocutory appeal procedure and obtain a certificate of immediate review. See OCGA § 5-6-34 (b); *Onyemobi v. Onyemobi*, ___ Ga. App. ___, Case No. A25A0570 (May 29, 2025) (holding that parties in divorce cases that challenge interlocutory custody rulings must comply with the interlocutory appeal procedure). Parties seeking appellate review from an interlocutory order that also implicates the discretionary application statute must comply with the interlocutory application statute. See generally *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996).

Andrew's failure to follow the proper appellate procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __06/06/2025__

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*