# Court of Appeals
# of the State of Georgia

ATLANTA,  July 01, 2025

*The Court of Appeals hereby passes the following order:*

## A25A2058. SERAFINO'S ITALIAN RESTAURANT, LLC v. EAGLES LANDING STATION, LLC.

Plaintiff Eagles Landing Station, LLC, initiated this dispossessory proceeding in state court, seeking possession of certain premises, past due rent, and rent accruing through final judgment. In its answer, defendant Serafino's Italian Restaurant, LLC, filed a counterclaim for trespass.

On September 12, 2024, the state court entered an order requiring Serafino's to pay certain amounts into the court registry. Serafino's filed a motion for a new trial or judgment notwithstanding the verdict as to the September 12 order. On December 9, 2024, the state court dismissed that motion and entered a writ of possession in favor of Eagles Landing. On December 16, 2024, Serafino's filed both a notice of appeal and a motion for a new trial or judgment notwithstanding the verdict as to the December 9 orders. The state court denied the December 16 motion on December 17, 2024, and, on December 19, Serafino's filed a notice of appeal as to the December 17 order.

On March 11, 2025, the state court entered an order requiring Serafino's to post supersedeas bond. Serafino's filed a notice of appeal as to the March 11 order on March 18, 2025. On March 19, 2025, the state court entered an amended order requiring Serafino's to post supersedeas bond, and Serafino's filed another notice of appeal the following day, after which this appeal was transmitted to this Court. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below."

Here, the record contains no indication that the trial court has adjudicated Eagle's Landing's claim for past-due and accruing rent or Serafino's counterclaim for trespass. Consequently, because no final judgment has been entered, Serafino's was required to follow the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal the orders at issue here. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Its failure to do so deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  07/01/2025

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*