# Court of Appeals
# of the State of Georgia

ATLANTA,  July 29, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0483. SAMUEL FRANK COOPER v. TRUIST BANK.

Samuel Frank Cooper filed a pro se complaint against Truist Bank in superior court. Cooper then filed a motion for default summary judgment. Truist filed an answer by special appearance and a motion to quash summons and service. On April 25, 2025, the superior court granted Truist's motion to quash and, in a separate order, denied Cooper's motion for default summary judgment. On July 3, 2025, Cooper filed this application for discretionary appeal seeking review of the order granting the motion to quash, which he suggests resulted in the dismissal of the complaint with prejudice.[1] We lack jurisdiction.

First, an application for discretionary appeal must be filed within 30 days of the entry of the order or judgment to be appealed. See OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Cooper's July 3 application, filed more than 30 days after the April 25 entry of the trial court's order, is untimely.

Second, nothing on the face of the trial court order here suggests that it is a final order that disposes of all issues in the action. Thus, Cooper was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) — including securing

---

[1] The order granting the motion to quash summons and service does not indicate that it is a dismissal of the action. In its response, Truist states that as of the date of the filing of the response, no order dismissing the complaint had been entered.

a certificate of immediate review from the trial court — to appeal the order. Moreover, Cooper's filing of an application for a discretionary appeal does not excuse him from complying with the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996) (where a party is appealing an interlocutory order, the filing of an application for a discretionary appeal is insufficient to confer jurisdiction on the appellate court). For these reasons, we lack jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*__07/29/2025_____

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*