# Court of Appeals
# of the State of Georgia

ATLANTA, March 11, 2026

*The Court of Appeals hereby passes the following order:*

## A26D0372. WIRTH FORESTRY, LLC et al. v. HEARD COUNTY, GEORGIA.

Wirth Forestry, LLC and Viridi RE Development, LLC (collectively, "the Applicants") applied to Heard County ("the County") for a special use permit to develop land owned by Wirth Forestry. The County denied the application, and the Applicants petitioned for review in the superior court. The Applicants added claims for declaratory judgment, inverse condemnation, and attorney fees. On January 20, the superior court entered an order denying the petition for review and staying the remaining claims. The Applicants then filed this application for discretionary appeal. We, however, lack jurisdiction.

The superior court's order in this case is not final. Because this case remains pending below, the Applicants were required to comply with the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to obtain appellate review at this juncture. See OCGA § 5-6-34(b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989).

Although the Applicants filed an application for discretionary appeal, as described in OCGA § 5-6-35, compliance with that procedure does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34(b). See *Bailey v. Bailey*, 266 Ga. 832, 832–33 (471 SE2d 213) (1996).

Accordingly, the Applicants' failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over this application for discretionary appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*  *03/11/2026*

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*