# Court of Appeals
# of the State of Georgia

ATLANTA,  April 13, 2026

*The Court of Appeals hereby passes the following order:*

## A26D0420. KRESLYN BARRON ODUM v. BYRON BROOKS.

In this child custody modification and contempt action, the trial court entered a temporary order in September 2024, in which, among other things, it transferred physical custody of a minor child from the child's mother, Kreslyn Odum, to the child's father, Byron Brooks. In an order entered on September 18, 2025, the trial court sua sponte set aside all prior orders entered by another judge in the case, concluded that Odum's OCGA § 9-11-60(d) motion to set aside those orders was thereby rendered moot, and further ruled that, pending a temporary hearing, the child will remain with Brooks. Odum has filed an appeal from that order, which is currently pending in this Court. See Case No. A26A1043.[1]

On November 5, 2025, the trial court entered an order requiring Odum to pay her half of the prior guardian ad litem's fees.[2] Odum filed a motion to set aside the order pursuant to OCGA § 9-11-60(d). The trial court denied the motion, and Odum filed this timely application for discretionary appeal. We, however, lack jurisdiction.

---

[1] Odum had filed an application for discretionary appeal, which was granted under OCGA § 5-6-35(j) because the order was directly appealable pursuant to OCGA § 5-6-34(a)(11) ("[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders."). See Case No. A26D0153 (Nov. 5, 2025).

[2] On September 18, 2025, and at the time the trial court set aside all prior orders, the trial court also entered an order appointing a new guardian at litem.

Ordinarily, an appeal from the denial of a motion to set aside under OCGA § 9-11-60(d) requires compliance with the discretionary appeal statute. See OCGA § 5-6-35(a)(8). However, because this case remains pending in the trial court, the order Odum seeks to appeal is a non-final order which did not resolve all issues in the case. Consequently, she was required to comply with the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to obtain appellate review at this juncture. See OCGA § 5-6-34(b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989).

And although Odum filed an application for discretionary appeal, compliance with that procedure does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34(b). See *Bailey v. Bailey*, 266 Ga. 832, 832–33 (471 SE2d 213) (1996). Accordingly, Odum's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over this application for discretionary appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 04/13/2026

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*